911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Lamont BOOKER, a/k/a Derick Wilson, Defendant-Appellant.
 No. 90-5753.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 27, 1990.
Decided Aug. 3, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-89-62)
 Lawrence W. Hewitt, James, Mcelroy & Diehl, P.A., Charlotte, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, H. Thomas Church, Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Stephen Lamont Booker appeals from his conviction for possession with intent to distribute approximately 365 grams of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). He contends that he had been seized unlawfully by law enforcement officers, that these officers had discovered cocaine on his person during a non-consensual search, that the seizure and the search violated his rights under the fourth amendment to the Constitution, and that the trial court should have granted his motion to suppress all evidence of the cocaine because it had been obtained pursuant to an unlawful search and seizure. In rebuttal, the government maintains that Booker had talked with the officers voluntarily, and had consented to the search by them.
 
 
 2
 In this case, an officer of the Charlotte Police Department and a special agent of the North Carolina State Bureau of Investigation were conducting narcotics interdiction surveillance at Charlotte's Douglas International Airport when they observed Booker arriving on a flight from New York. Because the defendant's appearance and actions conformed to the officers' drug courier profile, they followed him for some time and eventually approached him in an open, well-lit and public area of the airport. When the officers walked up to and identified themselves to Booker, they were not wearing uniforms, they displayed no weapons, they did not attempt to block his path or preclude him from walking away from them, and they asked him in a conversational tone if he would speak with them and consent to a search of his person and carry-on bag.
 
 
 3
 Consistent with this court's decision in United States v. Wilson, 895 F.2d 168 (4th Cir.1990), we hold that Booker's encounter with the officers in this case was voluntary and did not contravene the fourth amendment. In addition, we conclude that the district court was not clearly erroneous in finding that Booker had freely consented to a search of his person. Accordingly, we affirm the judgment of the court below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and argument would not aid the decisional process. See Fed.R.App.P. 34(a)(3); Loc.R. 34(a).
 
 
 4
 AFFIRMED.